# PD-1317-14

Stevie Wyre      X     IN The Court of

               X     Criminal Appeal of

The State of Texas    X     Texas

## Petitioner's Motion for Rehearing for Discretionary Review

To The Honorable Judge of this Court:

Comes Now, Petitioner, Stevie Wyre file this Request for Motion for Rehearing pursuant to Texas Rule of Appellete Proceduce Rules 79.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 02 2015

Abel Acosta, Clerk

## Reason for Rehearing

1) The Court failed to address the points of Errors under Ineffective Assistance of counsel IN violation of my VI And XIV Constitution Rights, And where A claim of Ineffective Assistance of counsel may be brought for the first time on Appeal. (See Cannon vs State 252 S.W. 3d 342, 348-52 (Tex. Crim. App 2008) U.S.CA. Constitutional VI Amendment.

## First Point of Eorror

Appellant received ineffective Assistance of counsel At his Pre-Sentence investigation hearing where counsel 1) failed to object to unsworn victim impact statement entered into Evidence before sentencing And 2) failed to object to the twenty-five year sentence As Cruel And Unusual Punishment IN violation of the Eighth Amendment, where The Record Reflects the Appellant was Eligible for Probation.

## Second Point of ERROR

Appellant Received Cruel And Unusual Punishment where the Record Reflects that He received twenty-Five year T.D.C. But was Eligible for Probation

## Third Point of ERROR

the Trial Court Erred in Accepting Letter from the State, Containing unsworn victim impact statement Requesting A Life Sentence without Parole, Prior to Sentencing.

## Prayer for Relief

Wherefore Premises considered, Appellant prays this HONORable Court to consider each and every Point of ERROR Raised herein, to Reverse Appellant's conviction and to Order a judgment of Acquittal or New Trial As the law And justice demands.

Respectfully Submitted
Stevie Wyre
Pro-Se

## Certificate of Service

I hereby certify that on February 13, 2015, A true and correct copy of the foregoing designation was tendered to the Clerk of the Courts to be deposited in the box Reserved for

State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711

Att: Abel Acosta "Clerk."
Court of Criminal Appeal of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

Steve Wyre

# Identity of Parties and Counsel

Pursuant to Tex. R. App. P. 38.1(A) Vernon Pamph. 2013 the following person are interested parties:

## Presiding Judge At Trial

The Honorable Judge Kristin Guiney
179th Judicial District Court
310 San Jacinto
Houston, Tx 77002

## Attorney for State

Ms. Rachel Palmer (At Trial)
Assistant D. A.
201 Fannin
Houston, Tx 77002

Mr. Alan Curry (on Appeal)
Assistant D. A.
201 Fannin
Houston, Tx 77002

## Attorney for Defense

Mr. Ted Doebbler (At Trial)
Attorney At Law
P.O. Bos 55012
Houston, Tx 77055

Ms. Sharon E. Slopis (on Appeal)
Attorney At Law
P.O. Box 980803
Houston, Texas 77098
713) 529-0771

i

# Table of Contents

Identity of Parties and Counsel ........................... i
Table of Contents ........................................ ii
List of Citations ....................................... iii
Statement of Jurisdiction ................................. 1
Request for Oral Argument ................................. 1
Statement of The Case ..................................... 1
Statement of Fact ......................................... 2
Summary of the Argument ................................... 4

Appellant's First Point of Error
Appellant received ineffective assistance of counsel at his pre-sentence investigation hearing where counsel 1) failed to object to unsworn victim impact statement entered into evidence before sentencing and 2) failed to object to twenty-five year sentence as cruel and unusual punishment in violation of the Eighth Amendment, where the record reflects the Appellant was eligible for probation. ........................... 5

Appellant's Second Point of Error
Appellant received cruel and unusual punishment where the record reflects that he received twenty-five years T.D.C. but was eligible for probation. ............... 11

Appellant's Third Point of Error
The Trial Court erred in accepting letter from the state containing unsworn victim impact statements requesting a life sentence without parole prior to sentence. 13

Prayer for Relief ........................................ 15
Certificate of Service .................................. 15

# List of Citations

## Federal Cases

Burdine v. Johnson, 262 F.3d 336 (5th Cir 2001) cert, denied 535 U.S. 1120 (2002) ..... 10

Glover v. United States, 531 U.S. 198 (2001) ..... 5

Nix v. Whiteside 475 U.S. 157, 106 S.Ct. 988-89 L.Ed. 2d 123 (1983) ..... 10

Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 115 L.Ed 720 (1991) ..... 6

Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983) ..... 11,12

Strickland v. Washington, 466 U.S. 668, 104 S.Ct 2062, 80 L.Ed 2d 674 (1984) ..... 5,9

Tibbs v. Florida 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed. 2d 653 (1982) ..... 10,12,14

United States v. Cronic 466 U.S. 648 (1984) ..... 10

## State Cases

Curry v. State 910 S.W. 2d 490, 497 (Tex. Crim. App 1995) ..... 9,11

Ford v. State 919 S.W 2d 107, 114-16 (Tex Crim. App 1996) ..... 6

Gifford v. State 980 S.W. 2d 791 (Tex. App.-Houston 1st Dist 1998 pet, Ref'd ..... 6,8

Ex Parte Duffy 607 S.W. 2d 507 (Tex. Crim. App. 1980) ..... 5

Hernandez v. State 988 S.W. 2d 53 (Tex Crim. App. 1999) ..... 5

Hernandez v State 726 S.W. 2d 53 (Tex. Crim. App. 1986) ..... 5,9

Johnson v. State 286 S.W. 3d 346 (Tex. Crim. App. 2009) ..... 8,13,14

McFarland v. State 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996) ..... 5

Meraz v. State 785 S.W. 2d 146 (Tex. Crim. App. 1990) ..... 10,12,14

Montez v. State 824 S.W. 2d 308 (Tex. App.-San Antonio 1992 no pet) ..... 9

Vaughn v. State 888 S.W. 2d 62, 74 (Tex.-App-Houston 1st Dist 1994)
Aff'd 931 S.W. 2d 564 (Tex. Crim. App. 1996 ..... 7

## Federal Statutes

U.S. Const. Amend 6 and 14

## State Statutes

Tex. Code Crim Proc Ann Art 37.07 (Vernon Pamph 2013) ..... 6

Tex. Code Crim Proc, Ann Art 42.03 Sec 1(b) Vernon Pamph 2013) ..... 8,13

Tex. R. App. P. Ann 26.2 (Vernon Pamph 2013) ..... 1

Tex. R. App. P. Ann 38.1(a) (Vernon Pamph 2013) ..... 1

Tex. R. App. P. Ann 39.1 (Vernon Pamph 2013) ..... 1

Tex. R. App. P. 43.2 (c) (Vernon Pamph 2013) ..... 14

Tex. R. App. P. Ann. 43.2(d) (Vernon Pamph 2013) ..... 10,12

Tex. R. App. P. Ann. 44.2.(A) (Vernon Pamph 2013) ..... 10,12

Tex. R. Crim. Evid. 103(d) (Vernon Pamph 2013) ..... 11,13

## Statement of Jurisdiction

This Appeal lies from Appellant's conviction in The State of Texas vs. Stevie Wyre Cause No. 1364440 in the 179th Judicial District Court, Harris County, Texas Defendant pled guilty to Aggravated Sexual Assault of a child younger than 14 years of age on March 8, 2013. A Pre-sentence Investigation Hearing was held on May 10, 2013 The Court found the Defendant guilty and Sentenced him to twenty-five years in T.D.C. (Ts-14) Notice of Appeal was filed on May 10, 2013. Appellant filed and Amended of Appeal on May 16, 2013. This Court has Jurisdiction Pursuant to Tex. R. App. P. 26.2(a) Vernon Pamph 2013)

## Request for Oral Argument

Pursuant to Tex. R. App. P. Ann. 39.1 (Vernon Pamph 2013 Appellant Request Oral Argument in this cause.

## State of the Case

This Appeal lies from the Appellant's conviction for Aggravated Sexual Assault of a child under 14 year of age. In three points of Error Appellant complains: 1) He Received ineffective Assistance of counsel with Regard to his pre-sentence investigation hearing. 2) that He suffered cruel and unusual punishment in violation of the Eighth Amendment where the Record Reflects the Appellant was sentenced to twenty-five year T.D.C. but was Eligible for probation And 3) The Trial Court Erred in Accepting letter containing unsworn victim Impact statement Requesting the Appellant be given a life sentence without parole prior to sentencing.

- 1 -

# Statement of Facts

The Clerk's record reflects that on May 9, 2013, A Pre Sentence Investigation hearing was held in Cause No. 1364440 the state of Texas vs. Stevie Wyre C.R. II-1) The record reflect the Appellant pled guilty to the offense of Aggravated Sexual assault of a child under 14 years of age and the case was set for a pre-sentence investigation hearing. CR. II-3).

Prior to the pre-sentence investigation hearing, the record reflects that the Appellant agreed that there was no guarantee that He would get probation C.R.II-4) The Record Reflects that the Appellant agreed that there was no guarantee that he would get probation or the least amount, five years and that the Court has the full range of punishment five year to life (C.R II-4) The record reflects that the Appellant agreed that if the Court decided that he deserved probation deferred, the Court could do that if the Court desired C.R. II-4) The record reflects that the Appellant still want to persist in his pled and did not want a trial C.R. II-4).

The first witness called by the State was Karen Parker C.R. II-5) Ms. Parker is employed with the Department of Family and Protective services. C.R. II-5) Ms. Parker became involved in the case on December 5th of 2012 and met with the children individually their parent, and with Mr Wyre the Appellant, where he was incarcerated C.R. II-6) Ms. Parker stated that the children have a lot of fear in them and have a hard time disclosing and talking about the abuse, but its slowly coming out C.R. II-6). Ms. Parker stated that one of the children, Anabel told her she didn't want to celebrate her birthday because the appellant raped her on her birthday C.R. II-7) Ms. Parker met with the appellant two time in the Jail on San Jacinto to explain to him what a family plan of service is and to see if he was interested in working with the service (C.R. II-7-8). Ms. Parker did it because the Appellant children love him C.R. II-8).

At this time the Defense objected to any statement made by the appellant because the Appellant had pled guilty C.R. II-8 the objection was overruled (C.R. II-8). Ms Parker stated that the Appellant was somber and paranoid, and would not sign the family plan of service at that time C.R. II-8) On the second visit the Appellant advised Ms. Parker that she told him that if he signed the family plan of service, he would Able to get out of the jail C.R. II-9) Ms. Parker said she never promised that and had no power or authority to make any statement such as that C.R. II-9) Ms. Parker stated that the Appellant was agitated and indicated that his Attorney said he shouldn't speak to her C.R. II-9).

Ms. Parker stated that she would be the caseworker for the girls and they were in a safe environment (C.R.II-10) Ms. Parker was excused. C.R.II-10) The Court Noted that the State had provided the Court with some letters (C.R.II-10) The State agreed that the State had provided the Court with some letters which had been tendered to the Defense. (C.R.II-10). The Defense had no objection to the letters being admitted to the P.S.I report C.R.II-10). The State rest and the Defense called the Appellant Stevie Wyre (C.R.III-3)

Mr. Wyre, the Appellant stated that He had Never been convicted in this state or any other state of felony offense (C.R.III-3). He indicated that he had never been placed on felony adult probation in this state or any other state in the United States. C.R.III-3,4) Mr. Wyre agreed that he pled guilty to an offense because He was guilty and that he was coming to the Court for punishment and asking the Court for mercy. C.R.III-4). He agreed that He would be able to work and support his dependent and follow the Court's rules. C.R III-4).

Mr. Wyre indicated that He was able to report once a month and was working doing sandblasting, working as a painter and making approximately $2500 monthly C.R.III-4, 5) Mr. Wyre stated that He has ten dependent, five of them are teenagers and the rest are little kids C.R. III-5) Mr. Wyre stated that he has six Natural Children and the complained were not his children (C.R.III-5) He stated that if he was given a second chance, He would be a better father. C.R.III-5) Mr. Wyre stated He was forty-two years old (C.R.III-5).

Mr. Wyre Agreed that He understood the Judge had the full range of punishment anywhere from five year to life, if the Court did not consider deferred Adjudication C.R.III-6) Mr. Wyre Agreed that if the Judge did not consider deferred Adjudication, He was asking her to consider the lower end of punishment C.R.III-6).

Mr. Wyre Asked the Court to please give him a chance because he had an 11 month old and a 5 year old that need him. C.R.III-6) He indicated that he understood that the Court was going to order him not to have contact and pay Child Support C.R.III-6,7).

On cross, Mr. Wyre Agreed that he admitted that he sexually assaulted his three stepchildren C.R.III-9) He agreed that he sexually assaulted Anabel more than once C.R.III-9) He agreed that Anabel was fourteen when he started C.R.III-10) He agreed that he sexually Assaulted Maribel Gonzales and when she came home he beat her up (C.R.III-10).

In Closing, the State Asking the Court to look at the letter from the children and to consider all of the evidence in the P.S.I report C.R.III-12) State's Exhibit 1, the P.S.I reports was Entered into Evidence prior to Sentence C.R.III-12). Following closing Argument, the Court found the Appellant guilty and sentenced him to 25 years in T.D.C. (C.R.III-13).

-3-

## Summary of the Argument

Appellant complains that He Received ineffective Assistance of Counsel during the pre-sentence investigation hearing, where the Record Reflects that Counsel 1) failed to object to unsworn victim impact statement Admitted into evidence before Sentencing, And 2) failed to object to cruel And unusual punishment when He was Sentenced to twenty-five years, T.D.C. Appellant further complain that He suffered cruel And unusual punishment in violation of the Eighth Amendment, where the Record Reflects the Appellant was Sentenced to A twenty-five year sentence but was eligible for probation. Finally the Appellant complains that the Trial Court Erred in Accepting letters containing unsworn victim impact statement which were Admitted into Evidence before Sentencing.

-4-

## Appellant's First Point of Error

Appellant Received ineffective Assistance of Counsel At his Pre-Sentence investigation Hearing where counsel 1) failed to object to unsworn victim Impact statement Entered into evidenc before sentencing And 2) failed to object to the twenty-five year Sentence, As cruel And unusual Punishment in Violation of the Eighth Amendment, where the record Reflects the Appellant was Eligible for Probation.

The Strickland test now Applies to the punishment phase of A Non-Capital trial. See Hernandez v. State, 988 S.W. 2d 53 Tex. App. 1999) overruleing Ex parte Duffy 607 S.W. 2d 507 516 Tex. Crim App. 1980) establishing test for ineffective Assistance of counsel in punishment phase of non-Capital trial.) We now Apply the same two-prong Strickland standard of Review for ineffective Assistance of counsel claims in both the guilt/innocence phase of trial And the punishment phase of Trial. Hernandez v. State 726 S.W. 2d 53, 55 Tex. Crim. App. 1986).

To show ineffective Assistance of counsel At punishment the Appellant must first demonstrate counsel's Representation fell below An objective standard of Reasonableness under Prevailing professional Norms. See Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) McFarland v. State 928 S.W. 2d 482, 500 Tex. Crim App. 1996). Counsel's Competence is presumed And the Appellant must Rebut this presumption by identifying the Acts or omissions of counsel that Are Alleged As ineffective And Affirmatively prove that they fell below the professional norm of Reasonableness. See. McFarland 928 S.W. 2d At 500. An ineffectiveness claim cannot be demonstrated by isolating any portion of counsel's Representation, but is Judge on the totality of the Representation see. Strickland 466 u.S. At 688 104 S. Ct. At 2065

The Supreme Court has held that counsel's deficient preformance that resulted in A higher Sentence under determinate Sentencing guidelines Constitutes prejudice Glover v. United States 531 US. 198 (2001).

## Counsel's Representatio Fell Below An Objective Standard Reasonableness.

In the instant case, Appellant argues that he received ineffective assistance of counsel where counsel 1) failed to object to unsworn victim impact statement contained within the pre-sentence investigation report and within letter to the court that were entered into evidence before sentencing and 2) failed to make an Eighth Amendment objection thereby waiving appellate review, where the appellant received twenty-five years.

1) Failure to objection to unsworn victim impact statement admitted into evidence befor sentencing.

In Gifford v. State 980 S.W. 2d 791 (Tex. Crim App - Houston 1st Dist 1998 pet ref'd) the first court of appeal reversed and remanded for a new punishment hearing, where counsel for the defense 1) failed to object to unsworn victim impact statement made before sentencing and 2) did not ask to conduct cross-examination. The court noted in Gifford: Clearly, Mr Farrer's statement having been made before punishment was assessed did not qualify as a statement being made under Article 42.03 It simply failed to meet the guidelines establish by that article. Consequently, the trial court should not have allow the statement to occur before the pronouncement of sentence.

In addition, Article 37.07 of the Tex. Code of Crim Proc. does not authorize the use of such a statement. Tex. Code Crim. Proc. Ann. Art. 37.07. While we recognize that the trial court has broard discretion under Article 37.07 to decide what is relevant to sentencing, we find nothing in the article to lead us to conclude that legistature intended to allow an unsworn statement at the punishment hearing. See id.

A victim-impact statement, as authorized by the United States Supreme Court in Payne v. Tenessee 501 U.S. 808, 827 111 S.Ct. 115 L.Ed. 720 (1991) and by the Texas Court of Criminal Appeal in Ford v. State 919 S.W. 2d 107, 114-16 Tex. Crim App. 1996) is testimony given under oath and capable of being cross-examined.

In short, the statement was inappropriate because it was not sworn nor capable of being cross-examined, Counsel should have object and the Trial Court should not have allowed the statement to be given. See id.

With regard the ineffective assistance of counsel claim the Court noted "for trial Counsel's failure to object to have been ineffective assistance," Appellant must demonstrate that if he had objection" Vaughn v. State 888 S.W. 2d 62, 74 Tex. App- Houston (1 Dist 1994) Aff'd 931 S.W. 2d 564 (Tex. Crim. App. 1996) We believe that if Gifford's Trial Counsel had objected to the victim impact statement the Trial Court would have erred in overruling the objection Thus Gifford has demonstrated that his trial Counsel was ineffective. See id.

In the instant case, the complained of unsworn victim impact statement were contained within the Pre-Sentence Investigation Report and the within the letters from the sister MARISA C., MARibel G. and ANAbel C., Complaining witness. These unsworn statement were entered into evidence before punishment was assessed. The witness were not present to testify and thereby were unavailable for cross-examination. At the punishment hearing and before punishment was assessed. Ms. Parker was excused and the State agreed that the State had provided to the Court with some letters, which had been tondered to the Defense (C.R.II-10) The Defense had no objection to the letters being admitted to the P.S.I. Report. (C.R. II-10)

States Exhibit 1, the P.S.I. Report was entered into evidence, prior to sentencing. (C.R. II-12).

The letters from MARISA C., MARibel G, And ANAbel the complaining witness appear in Court Report's Volume IV pages 34 through 39 and reflect their view about the offense, the defendant and the offene on the victim.

Specifically, the letter signed by MARISA C. stated that the stress is overwheling, she feel like her friend will begin to judge her. And she Request that the Appellant be sentenced to life in prison without parole (C.R. IV-35) the letter signed by MARibel G. stated that she hope that the Appellant was given enough time to truly change (C.R. IV-36) The letter signed by ANAbel states that the Appellant should go to prison and stay there for life. C R IV-37.

However, As previously mentioned the Defense failed to object to their Admission under Article 42.03 Sec. 1(b) of the Tex. Code of Crim. Proc. The Texas Code Of Criminal Procedure Authorize A Court to Receive victim statements see Tex. Code Crim Proc. Ann Art. 42.03 Sec 1(b)(Vernon Pamp Supp. 2013) But As shown below the legislature has Severely limited the use And impact of the statement by requiring that it be made After punishment has been Assessed:

(b) The Court shall permit A victim close Relative of A deceased victim or Guardian Of A victim, As defined by Article 56.01 Of this Code to Appear in person to present to the court And to the defendant A statement of the person's view About the offense the defendant And the effect of the Offense on the victim. The victim Relative or guardian may NOT direct question to the defendant while making the statement. The Court Reporter may NOT Transcribe the statement. The statement must be made:

(1) After punishment has been Assessed And the court has determined whether or NOT to grant Community Supervision in the CASE
(2) After the court has Announced the terms and condition of the sentence
(3) After Sentence is pronounced.

The complained of unsworn victim impact statement contained within the letters were entered into evidence (1) before punishment was Assesed, (2) before the Court Announced the terms And condition of the sentence And (3) Before sentence was pronounced.

Clearly, these unsworn victim impact statement did not qualify As Admissible statement under Article 42.03 See id. Consequently Defense counsel should have objected to the State's introduction of the letter containing unsworn victim impact statement into Evidence.
As previously Noted Failure to object to A victim Impact statement made before sentencing has been held ineffective Assistance of counsel, And Reversable ERROR. Gifford v. State 980 S.W. 2d 791(Tex. App-Houston 1st Dist 1998 pet Ref'd) see Johnson v. State 286 S.W. 346 (Tex. Crim. App. 2009.

-8-

Judge had no discretion to impose jail time as a condition of probation after judge heard unsworn and uncross-examined victim allocution including statement that victim want defendant to go to jail.

(2) Failure to Object to the 25 year Sentence As Cruel And Unusual Punishment

Defense counsel failed to object to the Appellant's sentence 25 year in prison for aggravated sexual assaulted of a child 14 year of age as cruel and unusual punishment under the Eighth Amendment. Failure to raise an Eighth Amendment objection at trial prevent making any such claim on appeal see Tex. R. App. P. 33.1 (A) Curry V. State 910 S. W. 2d 490 497, Tex. Crim. App. 1995) Failure to preserve error has been held to ineffective assistance of counsel. Montez V. State 824 S. W. 2d 308 (Tex. App-San Antonio 1992 No pet.)

Appellant argues that ineffective assistance of counsel in his case the equivalent of denial of counsel and that he should be granted another Pre-Sentence Investigation hearing

The benchmark for judging a claim of ineffective assistance is whether counsel's conduct so undermined the proper functioning of the adversarial process that a trial could not be relied on having produced a just result. Strickland v. Washington 466 U.S. 668, 104 S. Ct 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel at the guilty/innocence stage of trial the Appellant must show that (1) his counsel's performance was deficient ie. counsel errors were so serious that he was not functioning as the "counsel" guarantee by the sixth amendment and (2) the deficient performance prejudiced the defense ie. deprived him of a fair trial Id. At 687 see Hernandez v. State 726 S. W. 2d 53, 55 Tex Crim. App 1986.)

These errors demonstrate (1) the Appellant's counsel's performance was undeniably deficient ie. counsel's errors were so serious that he was not functioning as the "counsel" guarantee by the sixth amendment and 2) the deficient performance prejudice the defense ie. deprived him of a fair trial. Id. At 687. see Hernandez v. State 726 S. W. 2d 53, 55 Tex Crim. App. 1986.)

Undersigned Counsel can think of no strategy for (1) failing to object to letters containing unsworn victim impact statement requesting a life sentence, prior to punishment being assessed or (2) failing to object to twenty-five year sentence in order to preserve the matter for Appellate review. See United State v. Cronic 466 U.S. 648 (1984) Burdine v. Johnson 262 F.3d 336 (5th Cir 2001) cert. denied 535 U.S. 1120 (2002).

Appellant must show not only that his Attorney failed to provide Reasonably professional Assistance, but that Appellant was thereby harmed by Counsel's failure. Strickland v. Washington supra. The standard for Reversible error is whether judging from the record as a whole, there is a Reasonable probability that but for Counsel's unprofessional errors, the Result of the proceedings would have been different. Strickland v. Washington supra. In Analyzing the Harm to Appellant this Court should presume that the Trial Court and jury would have Acted According to the law. Strickland v. Washington supra. However, Appellant would noted that showing Harm, He is not Required to show that He received Reasonably professional Representation then more likely than not a different outcome would have Resulted. Nix v. Whiteside 475 U.S. 157 106 S.Ct 988, 98 L.Ed. 2d 123 (1983).

Appellant received ineffective Assistance of Counsel At his pre-sentence Investigation Hearing

This Court should reverse Appellant's conviction and remand the case for further proceeding. Tex. R. App. P. 43.2(d) Vernon Pamph 2013); Tex. R. App. P. 44.2(a) Vernon Pamph 2013) Tibbs v. Florida 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed. 2d 653 (1982) Meraz v. State 785 S.W. 2d 146 Tex. Crim. App. 1990.

-10-

## Appellant's Second Point of Error

Appellant Received Cruel And unusual Punishment where the Record Reflects that He Received twenty-five T.D.C. But was Eligible for Probation.

Appellant is Aware that failure to Raise An Eighth Amendment objection At Trial prevent making Any Such claim on Appeal. See Tex. R. App. P. 33.1(A) Curry v. State 910 S.W. 2d 490, 497 (Tex. Crim. App. 1996).

However, the Texas Rules of Evidence provide that in A criminal case Nothing in the Rules precludes taking Notice of fundametal errors Affecting Substantial Rights Although they were Not brought to the Attention of the Court. Tex. R. Crim. Evid 103(d).

Appellant contends that his Sentence is disproportionate to the offense for which He was charge And violated the Eighth Amendment to the United States Constitutional prohibiting Cruel And unusual Punishment where the Record Reflects that He received A twenty-five year prison sentence from the Court. Appellant contend that there is Evidence in the Record, As Required by Solem V. Helm 463 U.S. 277 (1983) Reflecting Sentences imposed on Similar offense in Texas or other Jurisdiction. See Solem V. Helm 463 U.S. 277, 103 S.Ct. 3001, 77 L. Ed. 2d 637 (1983).

The Record Reflects that Mr. Wyre, the Appellant has Never been convicted in this State or Any other state of A felony offense (C.R III-3) He indicated that he had Never been placed on felony Adult probation in this State or Any other State in the United States (C.R III-3,4) Mr. Wyre Agreed that he pled guilty to An offense because he was guilty And that He was guilty And asking the Court for Mercy (C.R III-4) He Agree that He would be Able to work And support his dependent And follow the Courts Rules. (C.R III-4) Mr. Wyre indicated that he was Able to Report once A month And working doing sandBlasting working As A painter And Making $2500ºº Monthly C.R.III-4-5) Mr. Wyre stated that He had ten dependent five of them Are teenagers. And the Rest Are little Kids C.R. III-5).

-11-

MR. Wyre stated that he has six natural children and the complainant were not his children. C.R. III-5) He stated that if he was given a second chance, he would be a better father. C.R. III-5) Mr. Wyre stated that he was forty-two year old C.R. III-5).

The record further reflects that MR. Wyre was eligible for probation and filed a motion for probation with the court prior to the P.S.I hearing. Ts I-26).

Appellant contend that a twenty-five year sentence is grossly disproportionate to the crime in light of the fact that he has no prior felony convictions and has never been granted adult probation in this or any other state in the United States. The fact that the Appellant was eligible for probation indicate that other, accused of the same offense, have been granted probation, thus reflecting sentences imposed on similar offense in Texas or other jurisdiction. See Solem v. Helm, 463 U.S. 277, 103 S.Ct 3001, 77 L.Ed 2d 637 (1983)

This court should reverse Appellant's conviction and remand the case for further proceedings. Tex R. App. P. 43.2.(d) (Vernon Pamph 2013) Tex. R. App. P 44.2 (A) Vernon Pamph 2013); Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed 2d 653 (1982) Meraz v. State 785 S.W. 2d 146 (Tex. Crim App. 1990).

## Appellant's Third Point of Error

The Trial Court Erred in Accepting Letter from the State Containing Unsworn Victim Impact Statments Requesting A Life sentence, without Parole, Prior to Sentencing.

In Johnson v. State 286 S.W. 3d 346 Tex. Crim App. 2009) the Court of Criminal Appeals Reversed and Remanded holding that a judge has No discretion to impose jail time As A Condition of probation After judge heard Unsworn and Uncross-examined Victim Allocution including statement that victim wanted defendant to go to Jail. The Court Noted that "the purpose of Article 42.03 Sec 1(b) Tex Code Crim. Proc. is to protect the trial Judge from Any implicit or Explicit Accusation that He could be or would be influenced by the victim Allocution statement. It is the Appearance of possible influence As much As the possible fact of influence, that the Statute guards Against See id.

In the instant case, as noted in Appellant's First Ground of Error, the Defense failed to object to the introduction of Unsworn victim Impact statements that were Entered in to evidence before sentencing, and thereby failed to preserve error on Appeal. However, the Texas Rules of Evidence provide that in a Criminal case Nothing in the Rules precludes taking Notice of fundamental error Affecting substantial rights Athough they were Not brought to the Attention of the Court. T.R Crim Evid 103 (d).

In the instant case, as previosly noted in Appellant's First Ground of Error, the complained of Unsworn victim impact statement were contained within the Pre-Sentence Investigation Report, within the letter from the sister Marisa C., Maribel G. and Anabel C. the complaining witness These Unsworn statement were entered into Evidence before punishment was Assessed the witness were Not present to testify and therefore were Unavailable for Cross-examination.

At the punishment hearing and before punishment was Assessed. Ms. Parker was excused and the State Agreed that the State had provide the Court with some letter which been tendered to the Defense (C.R.II-10). The Defense had No Objection to the letters being Admitted to the P.S.I Report. (C.R.II-10) State's Exhibit 1, the P.S.I Report was entered into Evidence prior to sentencing. (C R III - 12).

The letters from MARISA C., MARIBEL G. and the complaining witness ANABEL C. appear in Court Reporter's Volume IV page 34 through 39 and reflect their views about the offense the defendant and the effect of the offense on the victim.

Specifically the letter sign by MARISA C. stated that the stress is overwhelming she feel like her friend will begin to Judge her and she Request that the Appellant sentence to life in prison without parole (C.R.IV-35) the letter signed by MARIBEL G stated that she hope that the Appellant was given enough time to truly change (C R IV-36) the letter signed by ANABEL stated the Appellant should go to prison and stay there for life (C.R.IV 37).

Appellant contend that the errors was not harmless in this case the record reflects that the Appellant was Eligible for probation C.R.III-3,4) but was sentenced to twenty-five year T.D.C. After the victim impact statement Requesting A life sentence were entered into evidence C.R.III-13) The pertinent statute is both clear and explicit: Article 42.03. Requires that the victim statement be read After the sentence has been imposed And After the Court has announced the terms and condition of the sentence. See Tex Code Crim Proc Ann. Art 42.03 Sec 1 (b) VERNON Supp 2013).

Appellant Request that this Court Reverse the trial courts Judgment and Remand and render the Judgment that the TRIAL Court should have Rendered:

Appellant specifically Request that the court suspend A finding of guilty and place him on deferred Adjudication probation. If the Appellant is not a perfect probation the Court may Alway Amend the condition of community service to include Jail time as long as that condition is Not connected to the victim statment Asking for prison time, see JOHNSON V. State 286 S.W. 3d 346 (Tex CRIM. App. 2009).

This Court should Reverse Appellant's conviction And render the Judgment that the trial court should have Render: Tex. R. App. P. 43.2 (c) (VERNON Pamph 2013) Tex. R. App. P. 44.2 (a) VERNON Pamph 2013) Tibbs V. Florida 457 U.S. 31, 102 S.Ct. 2211, 72 L. Ed 2d 653 (1982) MERAZ V. State 785 S.W. 2d 146 Tex CRIM. App. 1990.

-14-

## Prayer for Relief

Wherefore Premises considered Appellant pray this Honorable Court to consider each and every point of error raised herein to reverse Appellant's conviction and to order a judgement of acquittal or new trial as the law and justice demand.

Respectfully Submitted

Stevie Blye # 1858012

Eastham Unit

2665 Prison Rd "1

Lovelady Tx. 75851

(Pro-se)

## Certificate of Service

I, hereby certify that on February 13, 2015, a true and correct copy of the foregoing designation was tendered to the clerk of the courts to be deposited in the box reserved for:

"Clerk" Abel Acosta
Court of Criminal Appeal of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711

Stevie Blye # 1858012

Wylee # 1850612

m Unit

Prison Rd # 1

___) Texas 75851

Att: Abel Acosta "Clerk"
Court of Criminal Appeal of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711